UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HAROLD OLIVER, | ) |
| Plaintiff, | ) |
| v. | ) 15-1084 |
| TIMOTHY PEREZ, *et al.* | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment failure to protect claim. Plaintiff's Petition to Proceed In Forma Pauperis (Doc. 2) was denied as Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g). Plaintiff did not allege an imminent danger of serious physical injury and, therefore, was ordered to pay the filing fee in full within 28 days. Plaintiff has complied with the Court's order, and the matter now comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

**FACTS**

Plaintiff alleges that he was attacked by his cellmate in July 2014. Plaintiff alleges that his cellmate, an inmate with a known propensity for violence against other inmates, hit Plaintiff in the head several times with a "fan." During the attack, Plaintiff alleges that Defendants Perez, Morrow, Goad, Carothers, Sheppard, Millard, and Barclay stood outside Plaintiff's cell. Rather than stop the attack, Plaintiff alleges that these defendants did nothing but laugh and keep the door to Plaintiff's cell locked while the attack ensued. When Plaintiff pleaded with the correctional officers to open the door, Plaintiff alleges that Defendant Morrow sprayed Plaintiff in the face with a chemical agent. The alleged assault continued, and upon another attempt to plead with the officers to open his door, Plaintiff alleges he was once again sprayed in the face with chemical agent, this time by Defendant Goad. Plaintiff

alleges he suffered serious physical injury as a result of the alleged attack.

## ANALYSIS

### Failure to Protect

To succeed on a failure to protect claim, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). For purposes of satisfying the first prong, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." Id. at 843. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer,

86 F.3d 90, 92 (7th Cir. 1996) (quoting McGill v. Duckworth, 944 F.3d 344, 349 (7th Cir. 1991)). Liability attaches where "deliberate indifference by prison officials effectively condones the attack by allowing it to happen…." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

Plaintiff alleges that he was assigned to share a cell with an inmate with a known propensity for violence against other inmates. When the risk of harm materialized, Plaintiff alleges that the correctional officers refused to intervene and subjected Plaintiff to further harm. Therefore, the Court finds that Plaintiff has stated a claim for failure to protect against Defendants Perez, Morrow, Goad, Carothers, Sheppard, Millard, and Barclay.

**Excessive Force**

In Eighth Amendment claims for excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citation omitted); see DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000) (applying Hudson). In making this determination, the court may examine several factors, "including the need for an

application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." Dewalt, 224 F.3d at 619. Significant injury is not required, but "a claim ordinarily cannot be predicated on a *de minimis* use of physical force." Id. at 620 (citing *Hudson*, 503 U.S. at 9-10). "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights." Id.

The use of chemical agents on its own does not violate the Constitution. Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984) ("The use of mace, tear gas, or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or subdue recalcitrant prisoners does not constitute cruel and unusual punishment."). Constitutional liability attaches only when prison officials use chemical agents "in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." Id.

Plaintiff alleges that he was sprayed in the face with a chemical agent on two separate occasions, each time while pleading

with correctional officers to stop the alleged attack. From these facts, the Court cannot rule out a constitutional claim against Defendants Morrow and Goad for excessive force.

**Remaining Defendants**

Plaintiff does not mention Defendants Wood, Buckley, or Ramage in the body of his Complaint. Plaintiff has not alleged any specific allegations against these defendants or any facts from which the Court can infer potential constitutional liability. Therefore, these defendants should be dismissed.

Likewise, even assuming Plaintiff's allegations that Defendant Akpore did not respond to Plaintiff's written inquiries are true, this does not state a claim for relief under § 1983. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Plaintiff has not alleged that Defendant

Akpore personally participated in the events alleged above. Defendant Akpore should also be dismissed.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: Eighth Amendment claim for failure to protect from harm against Defendants Perez, Morrow, Goad, Carothers, Sheppard, Millard, and Barclay, and an Eighth Amendment claim for excessive force against Defendants Morrow and Goad. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Defendants Wood, Buckley, Ramage, and Akpore shall be dismissed.**

**2) Plaintiff files a Motion to Request Counsel [3]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff**

appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)).  Plaintiff attached letters he received from attorneys declining Plaintiff's requests for representation and the Court finds that Plaintiff has made a reasonable effort to obtain counsel.  However, the Court finds that Plaintiff is capable of representing himself at this time.  Plaintiff's correspondence with the Court has been appropriate, he can adequately describe the events that occurred in this case, his motion indicates he has completed some college coursework, and he has an extensive litigation history.  Plaintiff's Motion [3] is DENIED with leave to renew.  Plaintiff's Motion for Status [7] is DENIED as moot.

    3)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit

any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to

and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is

directed to sign and return the authorization to Defendants' counsel.

12) The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.

ENTERED: June 2, 2015

FOR THE COURT:

        *s/Sue E. Myerscough*
        SUE E. MYERSCOUGH
      UNITED STATES DISTRICT JUDGE