UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HAROLD OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  15-1084 |
| | ) |
| TIMOTHY D. PEREZ, *et al.* | ) |
| | ) |
| Defendants. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging failure-to-protect from harm and excessive force. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment. (Doc. 45). The motion is denied.

## PLAINTIFF'S MOTION TO STRIKE

Plaintiff filed a Motion to Strike (Doc. 48), seeking to strike the affidavits Defendants provided in support of their motion for summary judgment. Plaintiff alleges that the affidavits are defective because the information contained therein is redundant,

immaterial, false, and misleading.  Plaintiff also alleges that the affidavits each contain the same scrivener's error.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party moving for summary judgment may support factual positions through affidavits.  Fed. R. Civ. P. 56(c)(1)(A).  Such affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Id. 56(c)(4).  Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Id. 12(f).

Plaintiff attached responses to each of the factual contentions made in the Defendants' respective affidavits.  Plaintiff disputes the assertions of fact, but does not otherwise show how Defendants are not competent to testify on these matters, or that Defendants do not have personal knowledge of the facts asserted.  Therefore, Plaintiff's motion is denied.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

At all times relevant, Plaintiff was incarcerated at Hill Correctional Center ("Hill"). Defendants were all employed at Hill in the following capacities: Defendants Morrow, Goad, and Perez were correctional officers; Defendants Barclay and Sheppard were correctional sergeants; Defendant Carothers was a correctional

lieutenant assigned to Internal Affairs; and Defendant Millard was a correctional lieutenant.

The parties agree on very little. On July 21, 2014, Plaintiff and his cellmate engaged in a physical altercation inside their locked cell. Each Defendant responded and arrived at a different time thereafter. Defendant Perez arrived first and called for backup. Defendant Goad responded and administered chemical spray through the chuckhole in Plaintiff's cell. Defendant Morrow arrived next and administered additional chemical spray. Eventually, Defendant Millard arrived and the altercation ceased.

The nature of this altercation is in dispute: Plaintiff says he was attacked with a fan and continued to be attacked while the Defendants laughed and stood idle outside the cell; Defendants assert that Plaintiff was an active participant in the fight who disobeyed several direct commands to stop fighting. Though the parties agree that chemical spray was used during this altercation, Plaintiff alleges it was sprayed directly in his face while he pleaded to the officers for help. Defendants deny this assertion.

Finally, several documents exist in the record that suggests Plaintiff attempted to warn prison officials that he faced a

substantial threat of physical harm from his cellmate prior to the altercation on July 21, 2014.  (Doc. 46-2 at 23-27).

## ANALYSIS

### Failure to Protect

To succeed on a failure to protect claim, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  For purposes of satisfying the first prong, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."  Id. at 843.  A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  A plaintiff "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety."  Pope v. Shafer,

86 F.3d 90, 92 (7th Cir. 1996) (quoting McGill v. Duckworth, 944 F.3d 344, 349 (7th Cir. 1991)). Liability attaches where "deliberate indifference by prison officials effectively condones the attack by allowing it to happen...." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

Plaintiff alleges two distinct claims for failure to protect from harm: (1) prison officials assigned him to a cell with an inmate who had a known propensity for violence, and then kept him there after Plaintiff had informed them of specific threats to his safety; and (2) prison officials failed to intervene during the physical altercation with this cellmate.

Defendant Carothers is the only defendant who could have known about the risk of harm Plaintiff faced prior to the altercation in question. Defendant Carothers states in his affidavit that an inmate who fears for his safety can notify any member of the correctional staff, who will then relay those concerns to Internal Affairs, or, an inmate may contact Internal Affairs directly. (Doc. 46-2 at 21, ¶ 6-7). Internal Affairs will then attempt to verify the threat. Defendant Carothers stated further that Plaintiff had

expressed generalized fears for his safety in early 2014, but Plaintiff never mentioned the name of his eventual assailant.

As exhibits to their motion for summary judgment, Defendants provided copies of two letters Plaintiff purportedly drafted. These letters, dated July 11, 2014, and July 14, 2014, list Defendant Carothers as an intended recipient and describe threats of physical harm Plaintiff allegedly faced from his cellmate. Defendant Carothers denies receiving these letters, but the Defendants do not otherwise offer any evidence to refute Plaintiff's assertions that he sent the letters. These questions will need to be resolved by the trier of fact.

When the physical altercation commenced on July 21, 2014, the responding defendants were not constitutionally required to immediately separate the inmates at risk of their own personal safety. Guzman v. Sheahan, 495 F.3d 852, 858 (7th Cir. 2007) ("A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make clear that such action would put her in significant jeopardy."). The Constitution requires only that prison officials respond reasonably to any known risk of substantial harm,

even if the harm is not ultimately avoided.  Peate v. McCann, 294 F.3d 879, 882 (7th Cir. 2002) (citing Farmer, 511 U.S. at 847).

Defendant Perez arrived at Plaintiff's cell first and states in his affidavit that he called for backup once he observed the altercation. (Doc. 46-2 at 9, ¶ 4).  Though Plaintiff argues otherwise, Defendant Perez was not required to open the cell door immediately.  Even if the altercation was as one-sided as Plaintiff suggests, Defendant Perez was still outnumbered and confronted with a situation where at least one inmate was using an object as a bludgeon.  Defendant Perez's actions in calling for backup, and waiting a short time for additional officers to arrive, cannot be characterized as an unreasonable response, or as deliberately indifferent.  See Guzman, 495 F.3d at 858 (prison guard who immediately called for help when two inmates began to fight was not deliberately indifferent where the guard did not otherwise have prior knowledge of a substantial risk of harm).  In addition, Plaintiff's deposition testimony also suggests that Defendant Perez ordered the inmates to stop, rather than just standing idly by.  Pl.'s Dep. 38:20-21 ("The officer said, break it up.").

While Defendant Perez's initial actions did not violate the Constitution, disputed issues of fact still remain regarding the events that transpired after Defendant Perez called for assistance. Plaintiff's version of the facts suggests that after help arrived, the correctional officers unnecessarily prolonged the fight for their own entertainment by not opening the door, laughing, cheering, and disbursing chemical spray indiscriminately through an opening in the cell door.  Defendants deny Plaintiff's account, and argue that the inmates were separated as soon as reasonably feasible, but the record does not warrant a finding that the Defendants are entitled to judgment as a matter of law.  Plaintiff's version, if believed by the trier of fact, is sufficient to support a finding that Defendants Perez, Goad, and Morrow violated the Eighth Amendment.

Defendants Barclay and Sheppard present a different argument.  Each of these defendants states in his respective affidavit that he does not remember an altercation between Plaintiff and another inmate that occurred on July 21, 2014.  (Doc. 46-2 at 16-19).  Both aver that they would have each written an incident report had the events occurred as Plaintiff's described.  Because they are unable to locate any such incident reports, they contend

that they were not present during the altercation. Plaintiff testified that they were. Pl.'s Dep. 65:11-17 (Defendant Sheppard "was there on scene…[s]tanding there laughing with the rest of them."); 67:22-68:4 (Defendant Barclay's role was the same as Defendant Sheppard's). Only the trier of fact can resolve this dispute.

Plaintiff also alleges that Defendant Millard was present. Defendants point out in their motion for summary judgment that Defendant Millard was never served in this case. A review of the record indicates that Defendant Millard was inadvertently terminated as a defendant, and, thus, a request for waiver of service was never sent.

The Court acknowledges it has a duty to ensure that defendants are served in actions brought by pro se litigants. See Fed. R. Civ. P. 4(c)(3); Williams v. Werlinger, 795 F.3d 759 (7th Cir. 2015). Ordinarily, the Court would order service on Defendant Millard to rectify the omission. However, Defendants were proactive about this issue and provided an affidavit and incident report from Defendant Millard as part of their motion for summary judgment. (Doc. 46-2 at 13-15). Defendants also inquired about Defendant Millard's involvement at Plaintiff's deposition. Pl.'s Dep. 68:5-70:9.

Rule 56(f) of the Federal Rules of Civil Procedure allows a court to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Defendant Millard's incident report states that he arrived after chemical spray had been used and that the inmates refused orders to cuff up shortly before Defendant Millard ordered the door to be opened. (Doc. 46-2 at 15). Plaintiff previously testified under oath that he had no evidence to refute Defendant Millard's report. Pl.'s Dep. 70:5-9. Insofar as Plaintiff's response to Defendant Millard's affidavit and report contradicts his previous deposition testimony, the response will not create a genuine issue of material fact to defeat summary judgment. <u>Simpson v. Franciscan Alliance, Inc.</u>, 827 F.3d 656, 662 (7th Cir. 2016) (to survive summary judgment, a party cannot contradict previous admissions made during a deposition in a later affidavit without explaining the basis for the contradiction).

The only plausible inference that can be drawn from the content of Defendant Millard's report is that Defendant Millard arrived after chemical spray had been used and the altercation between Plaintiff and his cell mate had ceased. Therefore,

Defendant Millard could not have been involved in the way Plaintiff alleges.

On this basis, the Court is inclined to grant summary judgment in favor of Defendant Millard. Rule 56(f), however, requires that the Court give the parties a reasonable time to respond before the Court enters summary judgment. Fed. R. Civ. P. 56(f). Therefore, the parties will be granted 30 days to file a response to this issue.

## Excessive Force Claims

In Eighth Amendment claims for excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citation omitted); see DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000) (applying Hudson). In making this determination, the court may examine several factors, "including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner."

Dewalt, 224 F.3d at 619.  Significant injury is not required, but "a claim ordinarily cannot be predicated on a de minimis use of physical force."  Id. at 620 (citing Hudson, 503 U.S. at 9-10). "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights."  Id.

The use of chemical agents on its own does not violate the Constitution.  Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984) ("The use of mace, tear gas, or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or subdue recalcitrant prisoners does not constitute cruel and unusual punishment.").  Constitutional liability attaches only when prison officials use chemical agents "in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain."  Id.

The parties agree that chemical agent was used during the altercation in Plaintiff's cell, and that the prison wing was evacuated after chemical spray had spread throughout the area. See, e.g., (Doc. 46-2 at 6, ¶ 7) (stating wing was evacuated because industrial fans were circulating chemical agent spray).  Defendants Goad and Morrow assert that the chemical spray was disbursed

over the heads of Plaintiff and the other inmate in several bursts lasting a couple of seconds each.

Plaintiff asserts that the chemical spray was sprayed directly in his face while he begged for help. Several affidavits from other inmates Plaintiff provided in response to the Defendants' motion for summary judgment state that the use of chemical spray was both unnecessary and excessive. Resolution of this dispute requires credibility determinations the Court cannot make at this stage in the proceedings. Therefore, Defendants' motion for summary judgment on Plaintiff's excessive force claims is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Strike [48] is DENIED.**

2) **Defendants' Motion for Summary Judgment [45] is DENIED. The parties shall have 30 days from the date of this Order to file any briefs or responses to the Court's stated intention to enter summary judgment on the claims against Defendant Millard. Clerk is directed to reinstate Defendant Millard as a defendant. No service shall issue at this time.**

3) **This case is referred to Magistrate Judge Schanzle-Haskins for settlement discussions.**

4) **A final pretrial conference is scheduled for            February 24, 2017 at 11:00 a.m.   . The Plaintiff shall appear by video conference and the attorney(s) shall appear in person before the court sitting in Springfield,**

Illinois. The clerk is to issue a writ for the Plaintiff's participation in the video conference.

5) The Court will send out proposed jury instructions and intends to ask the standard voir dire questions published on the Court's website (ilcd.uscourts.gov/local rules and orders/orders and rules by Judge/Judge Myerscough/General Voir Dire Procedure).  By February 17, 2017 , the parties shall file:  1) an agreed proposed pretrial order; 2) alternate or additional jury instructions (no duplicates); 3) motions in limine; and, (4) additional voir dire questions (not duplicative of the Court's).  All proposed instructions shall be clearly marked, identifying the party, the number, and whether the instruction is additional or alternate (i.e., Pl.'s 1, additional; Pl.'s 2, alternate to Court's 3).

6) The Plaintiff and Defendants shall appear in person at trial.  Inmates incarcerated within the Illinois Department of Corrections (IDOC) who are not parties to this case shall appear by video conference and IDOC employees who are not parties may also appear by video conference at trial.  Other nonparty witnesses may appear by video at the court's discretion.  Therefore, the proposed pretrial order must include: (1) the name, inmate number and place of incarceration for each inmate to be called as a witness; (2) the name and place of employment for each IDOC employee to be called as a witness; and, (3) the names and addresses of any witnesses who are not residents or employees for whom a party seeks a trial subpoena.  The party seeking the subpoena must provide the necessary witness and mileage fees pursuant to Federal Rule of Civil Procedure 45.

7) A jury trial is scheduled for   March 14-16, 2017    at 9:00 a.m. at the U.S. Courthouse in Springfield, Illinois.  No writs to issue at this time.

8) **Clerk is directed to notify the chambers of Magistrate Judge Schanzle-Haskins of the referral for settlement discussions. Judge Schanzle-Haskins' chambers will contact the parties to schedule the settlement conference.**

ENTERED:      October 18, 2016

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
